**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **VDPP, LLC,**<br>　　　　**Plaintiff,** | **Civil Action No. 1:23-cv-00956-RP** |
| **v.** | |
| **GENERAL MOTORS COMPANY,**<br>　　　**Defendant.** | **JURY TRIAL DEMANDED** |

**AGREED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1.　　A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before <u>03/31/2025</u>.

2.　　The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before <u>09/02/2024</u>, and each opposing party shall respond, in writing, on or before <u>09/23/2024</u>. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3.　　Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before <u>05/02/2024</u>.

4.　　The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before <u>04/29/2024</u>.

5.　　All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before <u>05/27/2025</u>. Parties resisting claims for relief shall

file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before <u>07/14/2025</u>. All parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, 15 days from the receipt of the report of the opposing expert.

6.      All *Daubert* motions or objections to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony on or before <u>9/22/2025</u>.  Any such motions, responses, and replies thereto are subject to the same page limits as dispositive motions in paragraph 13.

7.      On or before <u>02/09/2024</u>, Plaintiff VDPP, LLC shall serve a disclosure of asserted claims and infringement contentions (and accompanying document production) containing the following information: a chart explaining and identifying specifically and in detail where each element of each asserted claim is found within each accused instrumentality, including explaining and identifying whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused instrumentality; the priority date that Plaintiff contends each asserted claim is entitled to, along with all evidence supporting that priority date; a copy of the file history for the patent-in-suit.

8.      On or before <u>05/10/2024</u>, Defendant General Motors Company shall serve its invalidity contentions in the form of claim charts. General Motors shall also include an identification of any limitations that General Motors contends are indefinite or lack written description under 35 U.S.C. § 112, and an identification of any claims that

General Motors contends are directed to ineligible subject matter under 35 U.S.C. § 101.

9.    The following schedule shall apply to claim construction proceedings in this case:

    a.    On or before 06/14/2024, the parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court and identify any claim element a party contends should be governed by 35 U.S.C. § 112(f).

    b.    On or before 07/12/2024, the parties shall concurrently exchange proposed constructions. At the same time the parties exchange their respective proposed claim constructions, they must each also exchange a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. With respect to any percipient or expert witness, the parties must also provide a brief description of the substance of that witness' proposed testimony.

    c.    On or before 08/09/2024, General Motors shall file its Opening Claim Construction Brief with supporting evidence, including any declarations of expert witnesses in support of claim construction. The page limit for the Opening Claim Construction Brief shall be 20 pages, exclusive of the caption, signature block, any certificate, and exhibits.

    d.    On or before 09/13/2024, VDPP, LLC shall file its Responsive Claim Construction Brief with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions. The page limit for the Responsive Claim Construction Brief shall be 20 pages, exclusive of the caption, signature block, any certificate, and exhibits.

     e.      On or before <u>10/11/2024</u>, General Motors shall file its Reply Claim Construction Brief. The page limit for the Reply Claim Construction Brief shall be 5 pages, exclusive of the caption, signature block, any certificate, and exhibits.

     f.      On or before <u>10/25/2024</u>, the parties shall file a Joint Claim Construction Statement including a list of claim terms each party contends should be construed by the Court, the parties' respective proposed constructions of these claim terms, and any agreed constructions.  The Joint Claim Construction Statement shall also identify any claim element a party contends should be governed by 35 U.S.C. § 112(f)

     g.      Claim Construction Hearing: _____ [The parties propose holding the Claim Construction Hearing during the week of <u>11/11/2024 if convenient for the Court</u>].

10.    Fact discovery shall open 1 business day after the claim construction order is issued.

11.    The parties shall complete all fact discovery on or before <u>07/21/2025</u>.

12.    The parties shall complete all expert discovery on or before <u>08/14/2025</u>.

13.    All dispositive motions shall be filed on or before <u>09/22/2025 </u>and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

14.    The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial

conference.

**The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

15.     This case is set for _____ trial commencing at 9:00 a.m. on

_____, 20_____. Jury selection may occur

the Friday before the case is set for trial.

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

For cases brought pursuant to the Freedom of Information Act (FOIA), the parties may instead follow the standard disclosure process and will have an initial pretrial conference only by request.

SIGNED on _____, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE